Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 19 2016

BY _____
ASHLEE BAYLESS, DEPUTY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ULINE, INC., a Delaware corporation; ISRAEL BALUJA; JASON BECHER; DARIN STENSTROM; and Does 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEREK KINNISON,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* <br> San Bernardino County Superior Court, 247 West Third Street, San Bernardino, CA 92415-0210 | CASE NUMBER: *(Número del Caso):* <br> CIVDS1605928 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Rager Law Firm, Jeffrey A. Rager CSB No. 185216, 970 W. 190th St., #340, Torrance, CA 90502
Phone: (310) 527-6994     Facsimile: (310) 527-6800

| DATE: *(Fecha)* APR 19 2016 | Clerk, by *(Secretario)* Ashlee Bayless | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  Jeffrey A. Rager, Esq.,  SBN 185216
   Mark F. Didak, Esq. SBN 104059
2  THE RAGER LAW FIRM
   970 West 190th Street, Suite 340
3  Torrance, California 90502
   Telephone: (310) 527-6994
4  Facsimile: (310) 527-6800
   E-mail: jeff@ragerlawoffices.com
5  E-mail: mark@ragerlawoffices.com

6  Attorneys for Plaintiff,
   DEREK KINNISON

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN BERNARDINO

10

11 DEREK KINNISON,                          CASE No.:       CIVDS1605928

12                    Plaintiff,            COMPLAINT FOR:

13        vs.                              1.   RETALIATION IN VIOLATION OF
                                                LABOR CODE § 1102.5
14
   ULINE, INC., a Delaware corporation; ISRAEL   2.   RETALIATION IN VIOLATION OF
15 BALUJA; JASON BECHER; DARIN                         LABOR CODE § 6310
   STENSTROM; and Does 1 through 10, inclusive,
16                                          3.   DISABILITY DISCRIMINATION

17                    Defendants.          4.   RETALIATION IN VIOLATION OF
                                                FEHA
18
                                           5.   DISABILITY DISCRIMINATION–
19                                              FAILURE TO ENGAGE IN
                                                INTERACTIVE PROCESS
20
                                           6.   DISABILITY DISCRIMINATION–
21                                              FAILURE TO ACCOMMODATE

22                                         7.   FAILURE TO REMEDY AND/OR
                                                PREVENT DISCRIMINATION
23
                                           8.   WRONGFUL TERMINATION IN
24                                              VIOLATION OF PUBLIC POLICY

25                                         9.   DEFAMATION

26                                         10.  FAILURE TO PROVIDE REST
                                                BREAKS
27
                                           11.  FAILURE TO PAY OVERTIME
28                                              WAGES AND PENALTIES

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

APR 19 2016

BY
ASHLEE BAYLESS, DEPUTY

                              COMPLAINT

12.  FAILURE TO PAY ALL WAGES
DUE UPON TERMINATION OF
EMPLOYMENT

13.  FAILURE TO PAY ALL WAGES
DUE UNDER THE PRIVATE
ATTORNEY GENERAL ACT FOR
FAILURE TO PROVIDE REST
BREAKS, PAY OVERTIME
WAGES, PAY PENALTIES, PAY
ALL WAGES DUE UPON
TERMINATION OR RESIGNATION,
AND PAY ALL WAGES DUE

DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, DEREK KINNISON, who complains and alleges as follows:

1.  Plaintiff, DEREK KINNISON ("Plaintiff" or "Mr. Kinnison") is, and at all times relevant hereto was, an employee of Defendant, ULINE, INC. ("Defendant" or "Uline"), and a resident of the State of California, County of Riverside.

2.  Plaintiff is informed and believes and thereon alleges that Uline is a corporation existing under the laws of the State of Delaware with its principal place of business located at 12575 Uline Drive, Pleasant Prairie, Wisconsin, authorized to do business and doing business in the State of California at the facility where it employed Plaintiff in the City of Ontario, County of San Bernardino.

3.  Plaintiff is informed and believes and thereon alleges that Defendant, ISRAEL BALUJA ("Mr. Baluja") is, and at all times relevant hereto was, a resident of the State of California, the Branch Manager of the Uline facility in Ontario, California where Plaintiff was employed, and that in doing the things alleged herein, was acting within the course and scope of his employment as Plaintiff's supervisor at Uline. Plaintiff is further informed and believes, and thereon alleges, that in conducting himself as alleged herein, Mr. Baluja acted under Uline's direction and with its knowledge, or that Uline ratified his conduct or acquiesced to it.

4.  Plaintiff is informed and believes and thereon alleges that Defendant, JASON BECHER ("Mr. Becher") is, and at all times relevant hereto was, a resident of the State of California, Uline's California distribution manager, one of Plaintiff's supervisors, and that in doing the things

2
COMPLAINT

1 alleged herein, was acting within the course and scope of his employment as Plaintiff's

2 supervisor at Uline.  Plaintiff is further informed and believes, and thereon alleges, that in

3 conducting himself as alleged herein, Mr. Becher acted under the direction of Uline and Mr.

4 Baluja and with their knowledge, or that Uline and Mr. Baluja ratified his conduct or acquiesced

5 to it.

6 5.   Plaintiff is informed and believes and thereon alleges that Defendant, DARIN STENSTROM

7 ("Mr. Stenstrom") is, and at all times relevant hereto was, a resident of the State of California,

8 one of Plaintiff's supervisors, and that in doing the things alleged herein, was acting within the

9 course and scope of his employment as Plaintiff's supervisor at Uline.  Plaintiff is further

10 informed and believes, and thereon alleges, that in conducting himself as alleged herein, Mr.

11 Stenstrom acted under Uline's direction and with its knowledge, or that Uline ratified his

12 conduct or acquiesced to it.

13 6.   Plaintiff is unaware of the true names and capacities of those defendants sued herein as DOES

14 1 through 10, inclusive, and therefore sue them by such fictitious names.  Plaintiff is informed

15 and believes, and thereon alleges, that such fictitiously named defendants, and each of them, is

16 responsible in some manner for the conduct, injuries and damages alleged herein.  Plaintiff will

17 seek leave of court to allege such fictitiously named defendants' true names and capacities when

18 they have been ascertained.

19 7.   Plaintiff is informed and believes, and thereon alleges, that in conducting themselves as alleged

20 herein, defendants, and each of them, was the principal, agent, employer, employee, alter ego,

21 single or joint employer co-conspirator and/or joint venturer of each of the remaining defendants

22 and were acting within the course and scope of such relationship.

## BACKGROUND FACTS COMMON TO ALL CAUSES OF ACTION

23

24 8.   Mr. Kinnison began working for Defendant on or about June 17, 2013 as a Warehouse Associate

25 at Defendant's Ontario, California warehouse.

26 9.   From the outset of his employment, Mr. Kinnison had a strong attendance record, and was

27 working very hard to prove himself to Uline.  Among other things, he volunteered for all

28 overtime and worked six days a week to help the velocity team with special projects in a building

product reset.

10.     In an October 9, 2013 Employee Performance Report Card–Year End Review, he was rated in three categories as "satisfactory" (a "3" rating) and as "exceeds" (a "4" rating) in three categories. The comment section began by stating, "Derek has had a great start to his career at Uline. . . ."

11.     In August, 2014, Mr. Kinnison accepted an offer to take a newly-created position as a UPS router.

12.     Mr. Kinnison worked the router position for six months and made several significant improvements to streamline the operation.

13.     Uline's May 28, 2014 Employee Performance Report Card–Mid Year Review showed Derek's performance improved, giving hm four "4's" and two "3's." Particularly relevant is that his safety rating improved from 3 to 4, with the comment, "Thank you for making safety a top priority and helping to represent the UPS team as one of the safety senators. Represent yourself as a safety leader and lead by example." The Review noted, "You have been a pleasure to have as part of the team and always bring ideas and great attitude."

14.     Plaintiff's Performance Appraisal for the January 1 through October 5, 2014 time frame included eighteen "4's" ("very good–frequently exceeded expectations"), four "3's" ("meets Uline expectations–often met expectations, with some areas for improvement"), just a single "2" ("needs improvement"), no "1's" ("poor"), and two "5's" ("outstanding"), including a 5 for safety with no incidents or accidents. Plaintiff was rated "4" for attendance. Among the comments: "Takes on any tasks assigned and executes them quickly," "Works hard to perform at a high level for our customers," "Makes suggestions and seeks out ways to improve processes," "Listens to instructions and acts upon them; Communicates concerns and ideas," "Trusts in his training and direction to make good decisions without having to be told to do so," "Derek is readily available to do what it takes; He sets himself up to be able to be versatile," "Well-rounded team player," and "Always looking for ways to improve himself for the benefit of the team." His strengths were noted to include being "driven," "willing to learn and take on new responsibilities," "hard working," and having "a sense for the bigger picture." His overall rating was "very good," and it was stated that "Derek has done a great job in the assigned production roles this year."

15.   On Sunday, January 18, 2015, Plaintiff suffered a dislocated knee at a park while trying to protect his dog from attack by another. Plaintiff notified his supervisor, Johnny Reid, about the knee injury. Plaintiff was to be placed on light duty, while evidencing a slight limp. Plaintiff declined light duty, choosing instead to help his team during a very busy time.

16.   During the latter part of Plaintiff's Wednesday, January 22, 2015 shift, Plaintiff's superiors pulled him aside, said they did not like his limping, and instructed him to go and see his own doctor and let them know what the doctor said.

17.   At Defendant's direction, Plaintiff went to his physician the following morning. Plaintiff's doctor gave Plaintiff a note stating he should be off work on Thursday and Friday, but return to full duty on Monday. Plaintiff then faxed the note to Defendant at the direction of HR manager Jim Jacobsen. Despite being directed to visit the doctor, and notwithstanding the doctor's orders that Plaintiff not work Thursday or Friday, Plaintiff was charged with an unexcused absence.

18.   In March and April 2015, Mr. Kinnison was experiencing back pain. He worked through the pain. On April 6, 2015, Mr. Kinnison stepped off a Picker platform that was elevated a few inches higher than normal off the ground. Mr. Kinnison misjudged the elevation of the machine, and upon stepping off the machine, exacerbated his back injury. He reported this to Uline, but continued to work, refusing medical attention.

19.   In the months that followed, Mr. Kinnison continued to work full duty despite his moderate back pain.

20.   Plaintiff was moved to the freight department in May, 2015 and given an eight-week training period to get up to speed. During this time, Uline, through assistant department manager Albert Burns, continually harassed Plaintiff with unwarranted claims that Plaintiff had handled his work in an unsafe manner. When Mr. Burns asserted for the fifth time that month that Plaintiff had done something unsafe—a claim with which Plaintiff openly disagreed—Plaintiff refused to sign the write up Mr. Burns had prepared.

21.   On August 3, 2015, two six foot long rolls of burlap fell onto Mr. Kinnison from a height of approximately fifteen feet. Plaintiff had used machinery to retrieve ten of the large burlap rolls, which were unsafely stored on a high shelf. He reported the incident and gave a verbal safety

1   suggestion that the product be moved to a lower shelf to reduce the risk of similar incidents in

2   the future, which Uline declined to do, even after Plaintiff suggested it again in writing.

3   22.   Mr. Kinnison was injured in the accident.  After his lunch break that day, he complained of

4   severe nerve pain down to his left foot.  He was put on five days of light duty.

5   23.   Plaintiff underwent a medical examination for his injuries soon thereafter.  The initial diagnosis

6   was lumbar radiculopathy and lumbosacral strain.

7   24.   Ultimately, an MRI revealed that he had suffered three herniated discs.

8   25.   After being injured on the job on August 3, 2015, Defendants complained about the reduced

9   speed of his work.  Plaintiff advised management that in order to increase his speed he would

10   need medical attention for his back injury.

11   26.   Plaintiff was then charged with several "errors."  Plaintiff was notified, among other things, that

12   he was put on Uline's "Top Offenders" list, and his picture was outlined in red and posted in a

13   place where all employees could see it.  Plaintiff was also notified that the owner of the company

14   was directly copied on all these reports.

15   27.   The following week Plaintiff went to the clinic.  When the doctor saw Plaintiff's X-rays, she

16   advised Plaintiff that his spine looked compressed.  Uline then sent its safety coordinator to the

17   doctor to ask that the doctor not prescribe any medication to Plaintiff or place him on any work

18   restriction for the first week to try and avoid a "recordable incident."  The doctor refused to play

19   down the incident and Plaintiff's injuries as Uline requested, and advised Plaintiff that he was

20   seriously hurt and would deny Defendant's request.  She then wrote prescriptions and work

21   restrictions for Plaintiff.

22   28.   Plaintiff was placed on light duty with restrictions of lifting up to 10 pounds, pushing/pulling of

23   10 pounds, bending, standing, walking up to 3 hours a day.

24   29.   Once Plaintiff was placed on light duty, Kent Brierly assigned assistant department manager

25   David Siggins to monitor the light duty employees, including Plaintiff.  Uline split up the five

26   light duty employees so they could not easily communicate with each other.  Despite having to

27   work in a non-climate-controlled warehouse during hot August weather, Plaintiff was not

28   provided with a fan, a table on which to work, a chair, or a trash can.

30. On Wednesday, October 14, 2015, David Siggins told the light duty employees to separate and not talk, and issued verbal warnings to Plaintiff and the others, threatening to write them up if they spoke to each other. Although the light duty employees asked to have a manager come and talk to them, none came.

31. On Monday, October 19, 2015, Fernando Ochoa brought the light duty employees 3,400 bottles to cap, rebox, and label, and asked them to work together. Plaintiff informed Mr. Ochoa that because Mr. Siggins had instructed the light duty workers to separate, a warehouse manager would have to verbally authorize them to work together. There was no immediate response from management. Management finally responded more than two hours later, when Darin Stenstrom called Plaintiff into his office and asked what was going on. Plaintiff informed Mr. Stenstrom of the situation and asked if he would please come to the end of the building where the light duty employees were working "so we all could figure this out." Mr. Stenstrom then began to threaten the employees on light duty and said he was going to develop a metrics system to increase light duty production.

32. On Tuesday, October 20, 2015, Uline assistant department manager Albert Burns came to the area where the light duty employees had been stationed, spread over six loading docks. He shouted out to all of them at once that they should make sure they were not talking at all.

33. On Thursday, October 22, 2015, department manager Tony Alvarado went to the light duty employees and advised them that upper management wanted to move them back into the department area so upper management could watch them.

34. The next day Defendant moved the light duty employees to an area between two huge, loud, industrial pallet wrappers. The area was unsafe and the light duty employees had close calls with forklifts, falling pallets, and the pallet wrappers' spinning arms breaking and shooting parts and debris through the safety guards. Moreover, the area continually smelled of burning plastic. The light duty employees, including Plaintiff, suggested multiple times in writing on that they be moved to a safer place, but all of their suggestions were rejected by Uline.

35. Thereafter, Plaintiff and the other employees on light duty were scolded for continuing to use the same bathroom they had been using for months.

36. On October 29, 2015, Mr. Kinnison resigned from the Safety Committee. He informed Uline, "I don't want to be part of a poorly [run] safety committee." "I have been part of the safety committee in every job I have worked in and by far this is the worst." "Uline is only focused on the R.I.R. and not the employee."

37. In November, 2015 Plaintiff filed a complaint with the Labor Board regarding Uline's failure to provide two paid rest breaks per shift for employees working five or more hours. Uline received notice of the complaint.

38. On December 14, 2015, Mr. Kinnison received the lowest possible Overall Rating of Poor (1.07). Plaintiff had gone from a "Very Good" employee to a "Poor" employee. The Review states that Mr. Kinnison, "Has lost his passion for the Uline mission."

39. The Review advised Mr. Kinnison to, "Present criticisms of the operation in a more professional manner." It noted that, "Derek has a lot of ideas on how to improve our processes, but does not present them in a professional manner."

40. On December 14, 2015, Mr. Kinnison informed Jason Becher, Amanda Russell, and Jim Jacobsen that the Review was "vindictive." He indicated that he felt his safety concerns were counted negatively against him. He went from a 5 rating in Safety to a 1.

41. Mr. Becher explained that "he was a different person this year, and that we missed the old Derek who was outgoing and positive about being here."

42. Mr. Kinnison complained that "management bullies him and other light duty personnel at work." He was being micromanaged for his shirt being untucked or advised to wear better shoes in a warehouse. When Mr. Stenstrom because Assistant Warehouse Manager, he began harassing Plaintiff over his attire, and he told Plaintiff that at the time Plaintiff injured his knee at the dog park, he should have just let the other dog eat him.

43. Mr. Kinnison further stated that Kent Brierly exhibited disregard for safety. Mr. Kinnison recalled that during a Safety Committee meeting discussing putting bumpers around building columns, Mr. Brierly advised that he did not care about Picker (driver) safety, but about pedestrians, and that bumpers were not necessary up as they would not protect pedestrians.

44. Mr. Becher then advised him if he was so unhappy here why did he remain here. Mr. Kinnison responded that he "loves it here, just thinks management is the issue."

45. On January 12, 2016, Plaintiff arrived at work and was soon asked by Senior Warehouse Manager Jason Becher to come into a meeting with him, the General Manager, Israel Baluja, and Michelle Jett. At the meeting, Plaintiff was told that Uline felt Plaintiff was "not happy" and it was observed that he had filed complaints about his work situation. They handed Plaintiff some paperwork, which upon review Plaintiff realized was a proposed twelve-month severance package. This surprised Plaintiff, who therefore asked if he was being terminated. Mr. Baluja initially responded in the negative, but noted again that Plaintiff seemed unhappy and said that was why the company had put together the separation package. As he reviewed the package, Plaintiff noticed that it had a confidentiality clause. Although he was told he was being offered one year's pay as severance, according to the proposed severance agreement Plaintiff would in fact receive a series of bi-weekly payments on regularly-scheduled paydays, and only if he did not violate the confidentiality clause. The proposed severance agreement would also have required Plaintiff to withdraw a pending complaint with the Labor Board and would have prohibited him from brining any legal action against Uline. Plaintiff was told he had seven days to decide whether to accept the package. When he asked a second time if he was being terminated, he was told he was being offered a chance to resign. Plaintiff said he did not want to resign, as he had been a loyal employee and was ready, willing and able to continue working at Uline. He was then told "you're done here," and the next morning a package was delivered to his home containing a debit card on an account Uline set up containing the amount of his last paycheck and accrued vacation pay, and a letter stating that Plaintiff had been terminated.

46. Plaintiff filed timely charges of discrimination with the California Department of Fair Employment and Housing ("DFEH") and received a Notice of Case Closure informing him of his right to sue. Therefore, plaintiff has exhausted all of his administrative remedies. A true and correct copy of the Notice of Case Closure is attached hereto and incorporated herein by reference as Ex. A.

///
///
///

## FIRST CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5

(Against ULINE, INC. and Does 1 through 10)

47.   Plaintiff realleges and incorporates by reference paragraphs 1 through 46, inclusive, as though fully set forth herein at length.

48.   Labor Code § 1102.5 provides that no employee may be disciplined, terminated or in any other way retaliated against for reporting perceived violations of the law.  Plaintiff is within the class of persons protected by Labor Code § 1102.5.

49.   Plaintiff's Labor Board complaint regarding Uline's failure to provide two daily paid rest breaks to all eligible employees was a substantial motivating factor in his termination.  Defendant's termination of Plaintiff in retaliation for his Labor Board complaint therefore violated Labor Code § 1102.5.

50.   As a direct and proximate result of the aforestated conduct of defendants, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

51.   The aforestated conduct of defendants Uline, and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a.   It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

b.   It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

52.   As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

53.   As a result of the aforementioned conduct, Plaintiff is entitled to civil penalties pursuant to Labor Code section 1102.5(f).

### SECOND CAUSE OF ACTION

RETALIATION IN VIOLATION OF LABOR CODE § 6310

(Against ULINE, INC., and Does 1 through 10)

54.   Plaintiff realleges and incorporates by reference paragraphs 1 through 53, inclusive, as though fully set forth herein at length.

55.   Labor Code § 6310 provides that no employee may be discharged or discriminated against for complaining to his or her employer or any enforcement agency regarding matters affecting employee health or safety.  Plaintiff is within the class of persons protected by Labor Code § 6310.

56.   Plaintiff's complaints about matters affecting employee safety and employee health were a substantial motivating factor in the discrimination against and harassment of Plaintiff by these defendants, and each of them, and in Plaintiff's ultimate termination.  Defendant's discrimination against, and harassment and discharge of, Plaintiff in retaliation for his complaints to Uline concerning matters affecting employee health and safety therefore violated Labor Code § 6310.

57.   As a direct and proximate result of the aforestated conduct of defendants, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

58.   The aforestated conduct of defendants Uline, and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

   a.   It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

   b.   It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

1    Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an

2    amount sufficient to punish and deter them, and each of them.

3    59.   As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable

4    attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

5                          THIRD CAUSE OF ACTION

6                         DISABILITY DISCRIMINATION

7                         (Govt. Code §§ 12940, et seq.)

8                   (Against ULINE, INC. and DOES 1 through 10)

9    60.   Plaintiff realleges and incorporates by reference paragraphs 1 through 59, inclusive, as though

10   fully set forth herein at length.

11   61.   Plaintiff was at all times material hereto an employee protected by California's Fair Employment

12   and Housing Act ("FEHA"), Government Code §§ 12940, et seq., which prohibits discrimination

13   in employment on the basis of disabilities.

14   62.   Defendant Uline was at all times material hereto an employer within the meaning of FEHA and,

15   as such, was and is barred from discriminating on the basis of disabilities as set forth therein.

16   63.   Plaintiff is an individual with physical disabilities and is a member of the class of persons FEHA

17   is intended to protect.

18   64.   Defendants Uline and Does 1 through 10, inclusive, and each of them, knew of these disabilities

19   and/or Plaintiff made the disabilities known to defendants.

20   65.   Moreover, defendants' facially neutral policy of nondiscrimination in employment decisions has

21   an unfavorable impact on those employees who are in a similar position to plaintiff.

22   66.   As a direct and proximate result of the aforestated conduct of defendants, Plaintiff has suffered

23   general, special, and consequential damages including, but not limited to, substantial loss of

24   earnings, bonuses, deferred compensation and other employment benefits, emotional distress,

25   mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time

26   of trial within the jurisdiction of this court.

27   67.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

28   was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a.   It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

b.   It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

68.   As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

### FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

(Against ULINE, INC. and DOES 1 through 10)

69.   Plaintiff realleges and incorporates by reference paragraphs 1 through 68, inclusive, as though fully set forth herein at length.

70.   FEHA provides that no employee may be disciplined, terminated or in any other way retaliated against due to the employee's disability, or for complaining about discriminatory or retaliatory treatment of employees based upon their disability.  Plaintiff is within the class of persons protected by FEHA.

71.   Plaintiff's disability, and his complaints about the harassment and bullying of disabled employees by Uline and Does 1 through 10, inclusive, and each of them, were substantial motivating factors for his mistreatment, harassment, retaliation, discrimination, bullying, and ultimate termination by these defendants.

72.   As a direct and proximate result of the aforestated conduct of defendants, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

73.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

13

COMPLAINT

a.  It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

b.  It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

74.  As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION–

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

(Govt. Code §§ 12940, et seq.)

(Against ULINE, INC. and DOES 1 through 10)

75.  Plaintiff realleges and incorporates by reference paragraphs 1 through 74, inclusive, as though fully set forth herein at length.

76.  Although Plaintiff is an individual with physical disabilities which were known to defendants, defendants Uline and Does 1 through 10, inclusive, defendants, and each of them, failed to engage timely and in good faith in the interactive process.

77.  Defendants have a pattern and practice of failing to engage in a good faith interactive process.

78.  As a direct and proximate result of Defendants' actions, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

79.  The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a.    It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause.Plaintiff to suffer financial loss and distress.

b.    It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

80.   As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

## SIXTH CAUSE OF ACTION

### DISABILITY DISCRIMINATION - FAILURE TO MAKE REASONABLE ACCOMMODATION IN VIOLATION OF FEHA (Govt. Code, § 12940(n))

### (Against ULINE, INC. and DOES 1 through 10)

81.   Plaintiff realleges and incorporates by reference paragraphs 1 through 80, inclusive, as though fully set forth herein at length.

82.   Plaintiff is an individual with physical disabilities which were known to defendants, defendants Uline and Does 1 through 10, inclusive, and each of them. Plaintiff needed a reasonable accommodation for his disabilities, and this need was known by defendants Uline and Does 1 through 10, inclusive, and each of them.

83.   It is illegal to discriminate against an individual based upon her disabilities pursuant to California Government Code §§ 12940, et seq.

84.   Although defendants Uline and Does 1 through 10, inclusive, and each of them knew that Plaintiff is an individual with physical disabilities which were known to defendants, and that he needed a reasonable accommodation for his disabilities, defendants Uline and Does 1 through 10, inclusive, and each of them failed to provide Plaintiff with a reasonable accommodation for his disabilities.

85.   Defendants have a pattern and practice of failing to accommodate employees with disabilities.

86.   Moreover, defendants' facially neutral policy of nondiscrimination in employment decisions has an unfavorable impact on those employees who are in a similar position to plaintiff.

87. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

88. The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

   a. It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

   b. It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

   Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

89. As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

SEVENTH CAUSE OF ACTION

FAILURE TO REMEDY AND/OR PREVENT DISCRIMINATION AND

RETALIATION IN VIOLATION OF FEHA

(Against ULINE, INC. and Does 1 through 10)

90. Plaintiff realleges and incorporates by reference paragraphs 1 through 89, inclusive, as though fully set forth herein at length.

91. Defendants discriminated and retaliated against Plaintiff.  Defendants, and each of them, knew of this discrimination and retaliation and/or reasonably should have known of it, and failed to act to prevent and/or remedy it in violation of Govt. Code § 12940(j)(1).   Further, these defendants failed to take all reasonable measures to prevent discrimination and retaliation from occurring it in violation of Govt. Code § 12940(k).

92. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses,

deferred compensation and other employment benefits, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

93.  The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a.  It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer financial loss and distress.

b.  It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an amount sufficient to punish and deter them, and each of them.

94.  As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

## EIGHTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against ULINE, INC. and Does 1 through 10)

95.  Plaintiff realleges and incorporates by reference paragraphs 1 through 94, inclusive, as though fully set forth herein at length.

96.  Plaintiff is informed and believes, and thereon alleges, that a substantial motivating reason for his termination was his complaining about issues related to employee safety, employee harassment, Uline's failure to provide paid rest breaks, his filing a claim for worker's compensation benefits, and his partial disability and resultant work restrictions as the result of being injured on the job.

97.  By terminating Plaintiff, as alleged above, Defendants Uline and Does 1 through 10, inclusive, and each of them, violated fundamental California public policies prohibiting, *inter alia*, discrimination, harassment, and retaliation in employment.

98.  As a direct and proximate result of the aforestated conduct of defendants, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of

1   earnings, bonuses, deferred compensation and other employment benefits, emotional distress,

2   mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time

3   of trial within the jurisdiction of this court.

4   99.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

5   was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

6   a.   It was malicious in that these defendants undertook this conduct with a willful and

7   conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that

8   it would cause Plaintiff to suffer financial loss and distress.

9   b.   It was oppressive in that these defendants undertook this conduct knowing it would

10   subject Plaintiff to cruel and unjust hardship.

11   Plaintiff is therefore entitled to punitive and exemplary damages from these defendants in an

12   amount sufficient to punish and deter them, and each of them.

13   100.   As a result of defendants' discriminatory acts as alleged herein, plaintiff is entitled to reasonable

14   attorneys' fees and costs of suit pursuant to California Government Code § 12965(b).

15   <u>NINTH CAUSE OF ACTION</u>

16   DEFAMATION

17   (Against ULINE, INC., ISRAEL BALUJA, JASON BECHER, DARIN STENSTROM,

18   and Does 1 through 10)

19   101.   Plaintiff realleges and incorporates by reference paragraphs 1 through 100, inclusive, as though

20   fully set forth herein at length.

21   102.   Defendants, and each of the, participated in a series of actions including posting or causing to

22   be posted, in a place where it could be seen by all Uline employees, a "Top Offenders" list with

23   Plaintiff's picture outlined in red, stated verbally and in writing that Plaintiff was a "poor"

24   employee, that he had "lost his passion for [his job]," and that the manner in which he criticized

25   Uline's operations, safety, and failure to provide paid rest breaks to all eligible employees, was

26   unprofessional. These statements painted Plaintiff in a false and defamatory light, were false and

27   were known by defendants to be false when made, were intended or were known by defendants

28   to be reasonably likely to injure Plaintiff's reputation in his field and, therefore, his prospects for

continued and future employment, and were published with actual malice in that they were made

to set up Plaintiff to be terminated on the bogus grounds that his performance and attitude had slipped and that he was behaving unprofessionally, in retaliation against Plaintiff for his disability, and his complaints about safety and Uline's failure to provide paid rest breaks to all eligible employees. The statements were made by, *inter alia*, Mr. Becher in writing to third parties including but not necessarily limited to Amanda Russell and any person entitled to see Plaintiff's performance reviews and employment file, and, Plaintiff is informed and believes and thereon alleges, to others at Uline, with the advance knowledge and approval of defendants Uline, Baluja, Stenstrom, and Does 1 through 10, inclusive, or their subsequent acquiescence to or ratification thereof. It was also reasonably foreseeable to these defendants, and each of them, that Plaintiff would be in a position to reasonably feel compelled to repeat the defamatory statements to others, which he did.

103. As a direct and proximate result of Defendants' actions, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, bonuses, deferred compensation and other employment benefits, loss of and injury to his reputation, emotional distress, mental anguish, embarrassment, humiliation and anxiety, in an amount according to proof at time of trial within the jurisdiction of this court.

104. The aforestated conduct of defendants Uline, Baluja, Becher, Stenstrom, and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a. It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of Plaintiff's rights, and with knowledge or reasonable certainty that it would cause Plaintiff to suffer humiliation, mental anguish, loss of reputation, financial loss and distress.

b. It was oppressive in that these defendants undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

c. It was fraudulent in that defendants knew these statements about plaintiff were false, or reasonably should have known of their falsity and acted with reckless disregard thereof.

Plaintiff is therefore entitled to punitive and exemplary damages from these defendants, and each of them, in an amount sufficient to punish and deter these defendants, and each of them.

## TENTH CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS IN VIOLATION OF LABOR CODE §§ 226.7 AND 516

### (Against ULINE, INC. and Does 1 through 10)

105.    Plaintiff realleges and incorporates by reference paragraphs 1 through 104, inclusive, as though fully set forth herein at length.

106.    Defendant Uline and Does 1 through 10, inclusive, and each of them, violated the law by failing to provide two paid ten-minute rest breaks each day for employees working full-time shifts. Plaintiff regularly and consistently worked for more than eight (8) hours a day and/or forty (40) hours per week, without receiving the proper paid rest breaks. As a result, Plaintiff has not been properly compensated for all hours worked at the proper corresponding rate.

107.    In addition, Plaintiff was not compensated one hour's wage in lieu of each rest period missed, nor has Uline paid the penalties mandated under IWC Order No. 4-2001, § 20.

108.    Uline's failure to provide paid rest breaks or compensating wages and penalties was regular and consistent, and constituted one of Uline's regular official business practices, as confirmed by its Employee Handbook and the document Uline asked employees, including Plaintiff, to sign in which they were advised they could "elect" to waive their non-waiveable rest breaks in exchange for an added half-hour of unpaid lunch time.

109.    Uline induced Plaintiff to take extra unpaid lunch time in lieu of the two paid rest breaks. Plaintiff was not informed that he had a non-waiveable right to two paid rest breaks each day they worked a shift of five or more hours. On the contrary, Plaintiff was affirmatively mislead by Uline into believing that Uline could lawfully offer him the option to take an extra half hour of unpaid lunch time in lieu of paid rest breaks, as evidenced by, among other things, the Uline Employee Handbook and the rest break form Plaintiff signed on November 23, 2013 in which he elected to take a one-hour unpaid lunch without rest breaks in lieu of a half-hour paid lunch and two paid rest breaks. As a result, Uline violated the law by failing to pay wages for rest breaks, and it failed to compensate Mr. Kinnison one hour's wage in lieu of each rest period missed.

110.    As a direct and proximate result of the aforestated conduct of these defendants, Plaintiff has suffered general, special, and consequential damages including, but not limited to, substantial

1    loss of earnings, in an amount according to proof at time of trial within the jurisdiction of this

2    court.

3   111.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

4        entitles Plaintiff to civil penalties, and to costs, attorney's fees and interest under various

5        provisions of the Labor Code, including but not limited to Labor Code §§ 218.5, 218.6, 225.5

6        and 1102.5(h).

7   112.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

8        was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

9        a.    It was malicious in that these defendants undertook this conduct with a willful and

10              conscious disregard of the rights of Plaintiff, and with knowledge or reasonable certainty

11              that it would cause him financial loss and distress.

12       b.    It was oppressive in that Uline undertook this conduct knowing it would subject Plaintiff

13              to cruel and unjust hardship.

14       c.    It was fraudulent in that Uline failed to disclose to Plaintiff that he had a non-waiveable

15              right to two paid rest breaks on shifts of five or more hours per day, and indeed, it

16              affirmatively misled him by falsely representing that he could "elect" to receive an

17              unpaid one-hour lunch in lieu of rest breaks and a half-hour lunch, with the intent that

18              Plaintiff reasonably rely thereon to his detriment, which he did.  It was also fraudulent

19              in that these defendants, and each of them, failed to disclose that as a result of failing to

20              pay Plaintiff for work breaks, Uline thereafter under-counted the total hours worked by

21              Plaintiff, resulting in failure to pay all overtime wages due him.

22       Plaintiff is therefore entitled to recover penalties from defendants, and each of them, in

23       accordance with the Labor Code and § 20 of IWC Order No. 4-2001.

24                          ELEVENTH CAUSE OF ACTION

25          FAILURE TO PAY OVERTIME WAGES AND PENALTIES IN VIOLATION OF

26                            LABOR CODE § 510

27                        (Against ULINE, INC. and Does 1 through 10)

28   113.   Plaintiff realleges and incorporates by reference paragraphs 1 through 112, inclusive, as though

         fully set forth herein at length.

                                    21
                               COMPLAINT

114. The failure of these defendants to pay for rest breaks resulted in the incorrect calculation, and underpayment by defendants, and each of them, of overtime wages owed Plaintiff and similarly situated employees. Plaintiff and similarly situated employees worked more than eight hours a day and/or forty hours per week on a regular and consistent basis without receiving the proper overtime compensation. Plaintiff and similarly situated employees therefore have not been properly compensated for all hours worked at the proper corresponding rate.

115. As a direct and proximate result of the aforestated conduct of these defendants, Plaintiff and similarly situated employees have suffered general, special, and consequential damages including, but not limited to, substantial loss of earnings, in an amount according to proof at time of trial within the jurisdiction of this court.

116. The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, entitles Plaintiff to civil penalties, and to costs, attorney's fees and interest under various provisions of the Labor Code, including but not limited to Labor Code §§ 218.5, 218.6, 225.5, 558, 558.1 and 1102.5(h).

117. The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them, was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

a. It was malicious in that these defendants undertook this conduct with a willful and conscious disregard of the rights of Plaintiff, and with knowledge or reasonable certainty that it would cause him financial loss and distress.

b. It was oppressive in that Uline undertook this conduct knowing it would subject Plaintiff to cruel and unjust hardship.

c. It was fraudulent in that Uline failed to disclose to Plaintiff that he had a non-waivable right to two paid rest breaks on shifts of five or more hours per day, and indeed, it affirmatively misled him by falsely representing that he could "elect" to receive an unpaid one-hour lunch in lieu of rest breaks and a half-hour lunch, with the intent that Plaintiff reasonably rely thereon to his detriment, which he did. It was also fraudulent in that these defendants, and each of them, failed to disclose that as a result of failing to pay Plaintiff for work breaks, Uline thereafter under-counted the total hours worked by Plaintiff, resulting in failure to pay all overtime wages due him.

22
COMPLAINT

1   Plaintiff is therefore entitled to recover penalties from defendants, and each of them, in

2   accordance with the Labor Code and § 20 of IWC Order No. 4-2001.

3   TWELFTH CAUSE OF ACTION

4   FAILURE TO PAY ALL WAGES DUE UPON TERMINATION IN VIOLATION OF

5   LABOR CODE §§ 201, ET SEQ.

6   (Against ULINE, INC. and Does 1 through 10)

7   118.   Plaintiff realleges and incorporates by reference paragraphs 1 through 117, inclusive, as though

8   fully set forth herein at length.

9   119.   Labor Code § 201 requires that an employer pay all wages due and owing an employee within

10   72 hours after the termination of the employee.  In violation of Labor Code  § 201, and the

11   miscalculated and under payment of overtime, rest breaks, and corresponding penalties, these

12   defendants failed to pay all wages due Plaintiff within 72 after termination.

13   120.   As a direct and proximate result of the aforestated conduct of these defendants, Plaintiff suffered

14   general, special, and consequential damages including, but not limited to, substantial loss of

15   earnings, in an amount according to proof at time of trial within the jurisdiction of this court.

16   121.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

17   entitles Plaintiff to civil penalties, and to costs, attorney's fees and interest under various

18   provisions of the Labor Code, including but not limited to Labor Code §§ 203, 218.5, 218.6,

19   225.5, 558, 558.1 and 1102.5(h).

20   122.   The aforestated conduct of defendants Uline and Does 1 through 10, inclusive, and each of them,

21   was malicious, oppressive, and/or fraudulent within the meaning of Civil Code § 3294, in that:

22   a.   It was malicious in that these defendants undertook this conduct with a willful and

23   conscious disregard of the rights of Plaintiff, and with knowledge or reasonable certainty

24   that it would cause him financial loss and distress.

25   b.   It was oppressive in that Uline undertook this conduct knowing it would subject Plaintiff

26   to cruel and unjust hardship.

27   c.   It was fraudulent in that Uline failed to disclose to Plaintiff that he had a non-waiveable

28   right to two paid rest breaks on shifts of five or more hours per day, and indeed, it

     affirmatively misled him by falsely representing that he could "elect" to receive an

23

COMPLAINT

1   unpaid one-hour lunch in lieu of rest breaks and a half-hour lunch, with the intent that

2   Plaintiff reasonably rely thereon to their detriment, which he did.  It was also fraudulent

3   in that these defendants, and each of them, failed to disclose that as a result of failing to

4   pay Plaintiff for work breaks, Uline thereafter under-counted the total hours worked by

5   them, resulting in failure to pay all overtime wages due him, and a further failure to pay

6   him all sums due upon termination.

7   Plaintiff is therefore entitled to recover penalties from defendants, and each of them, in

8   accordance with the Labor Code and § 20 of IWC Order No. 4-2001.

9                   THIRTEENTH CAUSE OF ACTION

10   UNDER THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004, LABOR

11   CODE §§ 2698 AND 2699, ET SEQ., FOR PENALTIES FOR FAILURE TO PROVIDE REST

12   BREAKS, PAY OVERTIME WAGES, PAY PENALTIES, AND TO PAY ALL WAGES DUE

13                   UPON TERMINATION OR RESIGNATION

14                   (Against ULINE, INC. and Does 1 through 10)

15   123.   Plaintiff realleges and incorporates by reference paragraphs 1 through 105, inclusive, as though

16   fully set forth herein at length.

17                   REPRESENTATIVE ALLEGATIONS

18   124.   This cause of action is brought on a representative basis, pursuant to Labor Code §§ 2698 and

19   2699, et seq., seeking (a) civil penalties, interest, and attorney's fees under those statutes and

20   under other statutes, including but not necessarily limited to, Labor Code §§ 201, 202, 203, 206,

21   210, 216, 218.5, 218.6, 223, 225.5, 226, 226.3, 226.6, 226.7, 227, 510, 512, 516, 558, 1102.5,

22   1174, 1174.5, 1197.2, 1198, 1199, 2698 *et seq.*, 2699(f)(2), together with Industrial Welfare

23   Commission Order No. 4-2001, §§ 12, 13 and 20, and (b) statutory and other economic damages

24   (except to the extent they are not recoverable under the Labor Code Private Attorneys General

25   Act of 2004), and other appropriate relief against Defendants, Uline, and Does 1 through 10,

26   inclusive, for those defendants' failure to provide rest and meal breaks as required under Labor

27   Code §§ 226.7 and/or 516.

28   125.   Plaintiff has satisfied the jurisdictional prerequisites to the maintenance of this cause of action

    set out in Labor Code § 2699.3 by giving notice on March 9, 2016 to the Labor and Workforce

Development Agency ("Agency") of defendants' violations of the Labor Code and Industrial Welfare Commission Order No. 4-2001, §§ 12, 13 and 20, including the facts and theories to support the alleged violations, and Plaintiffs' intent to recover penalties based on the violations set forth herein.  A copy of that notice is attached as Ex. B.  Defendants were served with that notice by certified mail.

126. The Agency provided no Notice within thirty-three (33) calendar days of the postmark date of the Notice that it intended to investigate the alleged violation.

127. Uline's failure to provide paid rest breaks or compensating wages and penalties was regular and consistent, and constituted one of Uline's regular official business practices, as confirmed by its Employee Handbook and the document Uline asked employees, including Plaintiff, to sign in which they were advised they could "elect" to waive their non-waiveable rest breaks in exchange for an added half-hour of unpaid lunch time.

128. Uline induced Plaintiff and similarly situated employees to take extra unpaid lunch time in lieu of the two paid rest breaks.  They were not informed that they had a non-waiveable right to two paid rest breaks each day they worked a shift of five or more hours.  On the contrary, Plaintiff and similarly situated employees were affirmatively mislead by Uline into believing that Uline could lawfully offer them the option to take an extra half hour of unpaid lunch time in lieu of paid rest breaks, as evidenced by, among other things, the Uline Employee Handbook and the rest break form Plaintiff signed on November 23, 2013 in which he elected to take a one-hour unpaid lunch without rest breaks in lieu of a half-hour paid lunch and two paid rest breaks. Plaintiff is informed and believes, and thereon alleges, that similarly situated employees were also induced to sign such rest break forms.  As a result, Uline violated the law by failing to pay wages for rest breaks, and it failed to compensate Mr. Kennison and similarly situated employees one hour's wage in lieu of each rest period missed.

129. As set forth hereinabove, the failure of defendants, and each of them, to provide rest breaks as required resulted in underpayment of wages by these defendants to Plaintiff and similarly situated employees.  This further resulted in these defendants failing to properly calculate and pay overtime to Plaintiff and similarly situated employees; in these defendants owing but failing to pay Plaintiff and similarly situated employees one hour's wage in lieu of each rest period

missed and penalties mandated under IWC Order No. 4-2001, § 20; in these defendants failing to provide accurate wage statements in violation of Labor Code § 216; and in these defendants' failure to .pay Plaintiff and other similarly situated former employees all wages due on termination or resignation.

130.   Plaintiff seeks all penalties available for these violations under the Labor Code Private Attorneys General Act of 2004.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.   For general, special, and consequential damages in an amount according to proof at time of trial within the jurisdiction of this court;

2.   For punitive and exemplary damages according to proof at time of trial in an amount sufficient to punish and deter defendants, and each of them;

3.   For pre- and post-judgment interest at the legal rate;

4.   For statutory and civil penalties awardable to Plaintiff individually;

5.   For statutory and civil penalties awardable under the Labor Code Private Attorneys General Act of 2004;

6.   For costs and attorney's fees; and

7.   For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Dated: April 13, 2016                    THE RAGER LAW FIRM


                                         By
                                            JEFFREY A. RAGER
                                            MARK F. DIDAK
                                            Attorneys for Plaintiff,
                                            DEREK KINNISON

EXHIBIT



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                          DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 13, 2016

Jeffrey Rager
970 West 190th Street  Ste. 340
Torrance California 90502

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 617932-222462
Right to Sue: Kinnison / Uline, Inc.

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

April 13, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 617932-222462
Right to Sue: Kinnison / Uline, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                  GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov                                    DIRECTOR KEVIN KISH

April 13, 2016

Derek Kinnison
212 Mohr Street
Lake Elsinore, California 92530

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 617932-222462
Right to Sue: Kinnison / Uline, Inc.

Dear Derek Kinnison,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective April 13, 2016 because an immediate Right
to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

DIRECTOR KEVIN KISH

Enclosures

cc:  Israel Baluja

Jason Becher

Darin Stenstrom

1
2
3
4
5

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
#### Under the California Fair Employment and Housing Act
#### (Gov. Code, § 12900 et seq.)

6
7
8

In the Matter of the Complaint of                          DFEH No. 617932-222462
Derek Kinnison, Complainant.
212 Mohr Street
Lake Elsinore,  California  92530

9
10
11
12

vs.

Uline, Inc., Respondent.
12575 Uline Dr.
Pleasant Prairie,  Wisconsin 51358

13
14

Complainant alleges:

15
16

1. Respondent **Uline, Inc.** is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

17
18
19

2. On or around **January 12, 2016,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity, Other Violation of Labor Code sections 1102.5, 6310.**

20
21
22

3. Complainant **Derek Kinnison** resides in the City of **Lake Elsinore,** State of **California.**  If complaint includes co-respondents please see below.

DFEH 902-1

-5-
*Complaint – DFEH No. 617932-222462*

Date Filed: April 13, 2016

1
2    **Co-Respondents:**

3        Israel Baluja
         2950 E Jurupa St
4        Ontario  California 91761

5        Jason Becher
         2950 E Jurupa
6        Ontario  California 91761

7        Darin Stenstrom
         2950 E Jurupa
8        Ontario  California 91761

9
10
11
12
13
14
15
16
17
18
19
20
21
22

DFEH 902-1

-6-
*Complaint – DFEH No. 617932-222462*

Date Filed: April 13, 2016

**Additional Complaint Details:**

Mr. Kinnison began working for Defendant on or about June 17, 2013 as a Warehouse Associate at Defendants Ontario, California warehouse.

From the outset of his employment, Mr. Kinnison had a strong attendance record, and was working very hard to prove himself to Uline. Among other things, he volunteered for all overtime and worked six days a week to help the velocity team with special projects in a building product reset.

In an October 9, 2013 Employee Performance Report CardYear End Review, he was rated in three categories as satisfactory (a 3 rating) and as exceeds (a 4 rating) in three categories. The comment section began by stating, Derek has had a great start to his career at Uline. . . .

In August, 2014, Mr. Kinnison accepted an offer to take a newly-created position as a UPS router.

Mr. Kinnison worked the router position for six months and made several significant improvements to streamline the operation.

Ulines May 28, 2014 Employee Performance Report CardMid Year Review showed Dereks performance improved, giving hm four 4s and two 3s. Particularly relevant is that his safety rating improved from 3 to 4, with the comment, Thank you for making safety a top priority and helping to represent the UPS team as one of the safety senators. Represent yourself as a safety leader and lead by example. The Review noted, You have been a pleasure to have as part of the team and always bring ideas and great attitude.

Plaintiffs Performance Appraisal for the January 1 through October 5, 2014 time frame included eighteen 4s (very goodfrequently exceeded expectations), four 3s (meets Uline expectationsoften met expectations, with some areas for improvement), just a single 2 (needs improvement), no 1s (poor), and two 5s (outstanding), including a 5 for safety with no incidents or accidents. Plaintiff was rated 4 for attendance. Among the comments: Takes on any tasks assigned and executes them quickly, Works hard to perform at a high level for our customers, Makes suggestions and seeks out ways to improve processes, Listens to instructions and acts upon them, Communicates concerns and ideas, Trusts in his training and direction to make good decisions without having to be told to do so, Derek is readily available to do what it takes, He sets himself up to be able to be versatile, Well-rounded team player, and Always looking for ways to improve himself for the benefit of the team. His strengths were noted to include being driven, willing to learn and take on new responsibilities, hard working, and having a sense for the bigger picture. His overall rating was very good, and it was stated that Derek has done a great job in the assigned production roles this year.

On Sunday, January 18, 2015, Plaintiff suffered a dislocated knee at a park while trying to protect his dog from attack by another. Plaintiff notified his supervisor, Johnny Reid, about the knee injury. Plaintiff was to be placed on light duty, while evidencing a slight

*Complaint – DFEH No. 617932-222462*

Date Filed: April 13, 2016

DFEH 902-1

limp.  Plaintiff declined light duty, choosing instead to help his team during a very busy time.

During the latter part of Plaintiffs Wednesday, January 22, 2015 shift, Plaintiffs superiors pulled him aside, said they did not like his limping, and instructed him to go and see his own doctor and let them know what the doctor said.

At Defendants direction, Plaintiff went to his physician the following morning.  Plaintiffs doctor gave Plaintiff a note stating he should be off work on Thursday and Friday, but return to full duty on Monday.  Plaintiff then faxed the note to Defendant at the direction of HR manager Jim Jacobsen.  Despite being directed to visit the doctor, and notwithstanding the doctors orders that Plaintiff not work Thursday or Friday, Plaintiff was charged with an unexcused absence.

In March and April 2015, Mr. Kinnison was experiencing back pain.  He worked through the pain.  On April 6, 2015, Mr. Kinnison stepped off a Picker platform that was elevated a few inches higher than normal off the ground.  Mr. Kinnison misjudged the elevation of the machine, and upon step

DFEH 902-1

-8-

Date Filed: April 13, 2016

## VERIFICATION

I, **Jeffrey Rager**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On April 13, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Torrance, CA**
**Jeffrey Rager**

DFEH 902-1

-9-

Date Filed: April 13, 2016

# EXHIBIT

# THE RAGER LAW FIRM
## ATTORNEYS AT LAW

March 9, 2016

Via Certified Mail
LABOR WORKFORCE DEVELOPMENT AGENCY
455 Golden Gate Avenue, 9th Floor
San Francisco, California 94102

Via Certified Mail
ULINE, INC.
Attn: Israel Balluja, General Manager
2950 Jurupa Street
Ontario, California 91761

Re:   *Derek Kinnison v. Uline, Inc., et al.*

Dear Gentlepersons:

This office represents Derek Kinnison. Pursuant to Labor Code 2699.3(a)(1), he hereby gives written notice of his intent to file a Labor Code § 2699 claim against his former employer, Uline, Inc.

Derek Kinnison writes this letter for the express purpose of reserving his rights to file and/or amend his complaint to allege specific violations against Defendants on behalf of himself under the Labor Code Private Attorneys General Act of 2004 (PAGA), Labor Code § 2698 *et seq.* and a proposed representative class of employees for violation of numerous sections of the California Labor Code at Uline's Ontario, California facility. The sections violated include, but are not necessarily limited to Labor Code sections 98.6, 201, 202, 203, 204, 210, 216, 218.5, 218.6, 225.5, 226(a), (e) & (g), 226.3, 226.7, 232.5(c), 510, 512, 516, 558, 1102.5, 1174, 1194, 1194.2, 1197, 1198, 1199, 2698 *et seq.*, 2699(f)(2), together with Industrial Welfare Commission Order No. 4-2001, §§ 12, 13 and 20.

Uline induced Mr. Kinnison and other Uline employees to take extra unpaid lunch time in lieu of the two paid rest breaks. He and other employees were not informed that they had a non-waiveable right to two paid rest breaks each day they worked a shift of five or more hours. On the contrary, Mr. Kinnison and other Uline employees were affirmatively mislead by Uline into believing that Uline could lawfully offer them the option to take an extra half hour of unpaid lunch time in lieu of paid rest breaks, as evidence by, among other things, the Uline employee handbook. As a result, Uline violated the law by failing to pay wages for rest breaks, and it failed to compensate Mr. Kennison and the class one hour's wage in lieu of each rest period missed.

In addition, the failure to pay for rest breaks resulted in the incorrect calculation, and underpayment, of overtime wages. Mr. Kinnison and the representative class worked more than eight hours a day and/or forty hours per week on a regular and consistent basis without receiving the proper overtime compensation.

March 9, 2016
Page 2 of 2

Mr. Kinnison and the class therefore have not been properly compensated for all hours worked at the proper corresponding rate.

Due to this systematic failure to pay for rest breaks and underpayment of overtime, Uline failed to pay Mr. Kinnison and others all wages due at the time of resignation or termination or within seventy-two (72) hours of their termination or resignation, and have failed to pay those sums for thirty (30) days thereafter.

Uline's failure to provide wages for all hours worked at the proper rate of compensation, rest periods, and wages upon termination/resignation was all done on a regular and consistent basis.

By law, an employee alleging a violation of one of the above referenced sections must notify his or her employer and the Labor and Workforce Development Agency (LWDA) before he or she can invoke the provisions of § 2699, et seq., by seeking redress in court. (Labor Code § 2699.3(a)(1).) The LWDA must then notify the employer and the employee within 33 calendar days whether it intends to investigate the alleged violation. (Labor Code § 2699.3(a)(2)(B).) If the LWDA advises it will not investigate, or if no notice is provided within 33 calendar days, the employee may file a lawsuit invoking the provisions under Labor Code § 2699. (Labor Code §2699.3(a)(2)(A).) It is the intention of this office to file a civil complaint and to bring the appropriate claims under Labor Code § 2699 seeking the remedies for the Labor Code violations referenced in this letter and its enclosure should your office not address these matters within the proscribed time.

We write this letter subject to and without waiver of our client's rights and remedies, all of which we expressly reserve. This letter is not an express statement of all facts and circumstances concerning this matter.

Very truly yours,

THE RAGER LAW FIRM

JEFFREY A. RAGER
Attorney at Law

JAR
cc:   MFD
      Derek Kinnison